Slip Op. 11-86

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **JTEKT CORPORATION and KOYO CORPORATION OF U.S.A.**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES**, <br><br> Defendant, <br><br> and <br><br> **THE TIMKEN COMPANY**, <br><br> Defendant-Intervenor. | Before: Timothy C. Stanceu, Judge <br><br> Consol. Court No. 07-00377 |

**OPINION AND ORDER**

[Denying defendant's motion for expedited reconsideration of court's prior decision and allowing additional time for submission of a remand redetermination in litigation contesting the final results of an administrative review of an antidumping duty order]

Dated: July 20, 2011

*Sidley Austin, LLP* (*Neil R. Ellis* and *Jill Caiazzo*) for plaintiffs JTEKT Corporation and Koyo Corporation of U.S.A.

*Baker & McKenzie, LLP* (Washington, District of Columbia) (*Kevin J. Sullivan* and *Kevin M. O'Brien*) for plaintiffs FYH Bearing Units USA, Inc. and Nippon Pillow Block Company Ltd.

*Crowell & Moring, LLP* (*Matthew P. Jaffe*) for plaintiffs NSK Corporation, NSK Ltd., and NSK Precision America, Inc.

*Baker & McKenzie, LLP* (*Kevin M. O'Brien, Christine M. Streatfeild,* and *Diane A. MacDonald*) for plaintiffs American NTN Bearing Manufacturing Corp., NTN Bearing Corporation of America, NTN Bower Corporation, NTN Corporation, NTN Driveshaft, Inc., and NTN-BCA Corporation.

*Crowell & Moring, LLP* (*Daniel J. Cannistra* and *Alexander H. Schaefer*) for plaintiffs Aisin Seiki Company, Ltd. and Aisin Holdings of America, Inc.

*Riggle & Craven* (*David A. Riggle* and *Shitao Zhu*) for plaintiff Asahi Seiko Co., Ltd.

*O'Melveny & Myers, LLP* (*Nausheen Hassan* and *Greyson L. Bryan*) for plaintiffs Nachi Technology, Inc., Nachi-Fujikoshi Corporation, and Nachi America, Inc.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*L. Misha Preheim* and *Claudia Burke*); *Joanna Theiss*, *Aaron Kleiner*, *Thomas Beline*, *Brian Soiset*, and *Deborah R. King*, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Stewart and Stewart* (*Geert M. De Prest*, *Terence P. Stewart*, *William A. Fennell*, and *Lane S. Hurewitz*) for plaintiffs and defendant-intervenor The Timken Company.

Stanceu, Judge: JTEKT Corporation and Koyo Corporation of U.S.A. (collectively, "JTEKT") brought an action under section 201 of the Customs Court Act of 1980, 28 U.S.C. § 1581(c) (2006), to contest a final determination (the "Final Results") issued by the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department") in the seventeenth administrative reviews ("AFBs 17") of antidumping duty orders on ball bearings and parts thereof ("subject merchandise") from France, Germany, Italy, Japan, Singapore, and the United Kingdom. Summons 1; *Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, Singapore, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews & Rescission of Review in Part*, 72 Fed. Reg. 58,053, 58,053 (Oct. 12, 2007) ("*Final Results*"). Upon the motion of defendant-intervenor The Timken Company ("Timken"), the court consolidated JTEKT's action with six other cases. Timken US Corporation's Mot. to Consolidate 1.

**Consol. Court No. 07-00377**                                                                                                    Page 3

In *JTEKT Corp. v. United States*, 35 CIT __, 768 F. Supp. 2d 1333 (2011) ("*JTEKT*"), the court ruled on claims contesting various decisions in the Final Results pertaining to the antidumping duty order involving Japan asserted by plaintiffs Asahi Seiko Co., Ltd. ("Asahi"); Aisin Seiki Company, Ltd. and Aisin Holdings of America, Inc. (collectively "Aisin"); Nachi Technology, Inc., Nachi-Fujikoshi Corporation, and Nachi America, Inc. (collectively "Nachi"); FYH Bearing Units USA, Inc. and Nippon Pillow Block Company Ltd. (collectively, "NPB"); American NTN Bearing Manufacturing Corp., NTN Bearing Corporation of America, NTN Bower Corporation, NTN Corporation, NTN Driveshaft, Inc., and NTN-BCA Corporation (collectively, "NTN"); and NSK Corporation, NSK Ltd., and NSK Precision America, Inc. (collectively, "NSK").  Five plaintiffs  Aisin, JTEKT, Nachi, NPB, and NTN  asserted claims challenging the Department's use of "zeroing" methodology, under which Commerce assigned to U.S. sales made above normal value a dumping margin of zero rather than a negative margin when calculating weighted-average dumping margins.  In response to these claims, the court ordered Commerce on remand to reconsider its decision to apply the zeroing methodology in the Final Results "and change that decision or, alternatively, provide an explanation for its express or implied construing of 19 U.S.C. § 1677(35) inconsistently with respect to antidumping duty investigations and administrative reviews."  *JTEKT*, 35 CIT at __, 768 F. Supp. 2d at 1364.

Before the court is defendant's motion for expedited reconsideration of the court's decision in *JTEKT* to order a remand on the zeroing claims.  Def.'s Mot. for Expedited Reconsideration or Relief from J. ("Def.'s Mot.").  JTEKT and NTN filed a joint memorandum in opposition to defendant's motion for reconsideration.  Pls.' Joint Mem. in Opp'n to Mot. for Expedited Reconsideration or Relief from J. ("Pls.' Joint Mem.").  Defendant-intervenor Timken

supports defendant's motion for reconsideration.  The Timken Company's Resp. in Supp. of the Def. United States' Mot. for Expedited Reconsideration or Relief from J.  Also before the court are defendant's motions for leave to file a reply in support of the motion for expedited reconsideration and for enlargement of time to file the remand redetermination in response to the court's order in *JTEKT*.  Def.'s Mot. for Leave to File Reply in Supp. of Mot. for Expedited Reconsideration or Relief from J. ("Def.'s Mot. to File Reply"); Def.'s Mot. for Enlargement of Time to File Remand Redetermination ("Def.'s Mot. for Time Extension").

The court grants defendant's motion for leave to file a reply in support of the motion for reconsideration and grants defendant's motion for an extension of the date for filing of the Department's remand redetermination.  The court denies defendant's motion for reconsideration, concluding that it did not err in ordering the Department to reconsider, and to modify or further explain, its decision to apply zeroing in the Final Results.

## I. BACKGROUND

*JTEKT*, 35 CIT at __, 768 F. Supp. 2d at 1339-41, recounts the procedural history of the administrative and judicial proceedings in general terms common to all plaintiffs and provides additional background information specific to the individual claims.

On May 5, 2011, the court issued its Opinion and Order in *JTEKT*.  On June 2, 2011, defendant filed its motion for expedited reconsideration.  Def.'s Mot.  On June 16, 2011, plaintiffs JTEKT and NTN filed their joint memorandum in opposition to defendant's motion.  Pls.' Joint Mem.  On July 5, 2011, defendant filed its motion for leave to file a reply in support of its motion for expedited reconsideration.  Def.'s Mot. to File Reply.  On July 11, 2011, defendant filed its motion for enlargement of time to file a remand redetermination.  Def.'s Mot. for Time

Consol. Court No. 07-00377                                                                                        Page 5

Extension.  On July 18, 2011, NTN, although having earlier declined to consent to defendant's motion for enlargement of time, informed the court that in view of the Department's recent notice announcing revocation of the antidumping duty orders on ball bearings from Japan and the United Kingdom pursuant to remand determinations of the U.S. International Trade Commission in the second sunset reviews of those orders, "NTN now takes no position on the Government's motion."  Pls.' Resp. to Def.'s Mot. for Enlargement of Time to File Remand Determination 2 (citing *Ball Bearings and Parts Thereof From Japan and the United Kingdom: Revocation of Antidumping Duty Orders*, 76 Fed. Reg. 41,761 (July 15, 2011)).[1]  On July 19, 2011, NPB, citing the recent notice, although also having earlier declined to consent to defendant's motion for enlargement of time, similarly informed the court that "NPB now takes no position on Defendant's motion."  Pls.' Nippon Pillow Block Co. Ltd. and FYH Bearing Units USA, Inc. Resp. to Def.'s Mot. for an Enlargement of Time to File the Remand Redetermination 2.

## II. Discussion

### A.  Motion for Expedited Reconsideration

USCIT Rule 59 authorizes a rehearing after a nonjury trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  USCIT Rule 59(a)(1)(B).  A decision to grant or deny a motion for reconsideration lies within "the sound discretion of the court."  *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT 336, 336, 601 F. Supp. 212, 214 (1984).  "The major grounds justifying reconsideration are an intervening change

---

[1] Listing an effective date of July 16, 2011, the Department's revocation notice announces that "the Department is discontinuing all unfinished administrative reviews immediately and will not initiate any new administrative reviews of the orders."  *Ball Bearings and Parts Thereof From Japan and the United Kingdom: Revocation of Antidumping Duty Orders*, 76 Fed. Reg. 41,761, 41,762 (July 15, 2011).

of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Royal Thai Gov't v. United States*, 30 CIT 1072, 1074, 441 F. Supp. 2d 1350, 1354 (2006) (internal quotation marks and citation omitted). The purpose of reconsideration is "to direct the Court's attention to some material matter of law or fact which it has overlooked in deciding a case, and which, had it been given consideration, would probably have brought about a different result." *Target Stores, Div. of Target Corp. v. United States*, 31 CIT 154, 159, 471 F. Supp. 2d 1344, 1349 (2007) (quoting *Agro Dutch Indus. Ltd. v. United States*, 29 CIT 250, 254 (2005)).

Commerce applied its zeroing methodology in AFBs 17, assigning to U.S. sales made above normal value a dumping margin of zero, rather than a negative margin, when calculating weighted-average dumping margins. *Issues & Decision Mem. for the Antidumping Duty Admin. Reviews of Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, Singapore, & the United Kingdom for the Period of Review May 1, 2005, through April 30, 2006*, at 8 (Oct. 4, 2007) ("*Decision Mem.*"). Aisin, JTEKT, Nachi, NPB, and NTN challenged the use of this zeroing methodology, arguing that use of the zeroing methodology in an administrative review violates the U.S. antidumping laws and is inconsistent with international obligations of the United States.[2]

---

[2] Asahi Seiko Co., Ltd. ("Asahi") also included in its complaint a claim challenging the use of zeroing. Asahi Compl. ¶¶ 12-16. Asahi declined to raise any issue as to zeroing in its Rule 56.2 motion for judgment upon the agency record but then attempted to raise the zeroing issue in its reply brief. Mem. in Supp. of a Mot. for J. on the Agency R. Submitted by Pl. Asahi Seiko Co., Ltd., Pursuant to Rule 56.2 of the Rules of the U.S. Ct. of Int'l Trade; Reply Br. in Supp. of the Mot. for J. on the Agency R. Submitted by Pl. Asahi Seiko Co., Ltd., Pursuant to Rule 56.2 of the Rules of the U.S. Ct. of Int'l Trade 5-6. In *JTEKT Corp. v. United States*, 35 CIT __, __, 768 F. Supp. 2d 1333, 1341 (2011), the court ruled that no motion for judgment

(continued...)

**Consol. Court No. 07-00377**                                                                    Page 7

As the court recounted in *JTEKT*, the Court of Appeals repeatedly had upheld the Department's use of zeroing in administrative reviews. *JTEKT*, 35 CIT at __, 768 F. Supp. 2d at 1342 (citing *SKF USA Inc. v. United States*, 630 F.3d 1365, 1375 (Fed. Cir. 2011) ("*SKF*"); *Koyo Seiko Co.*, 551 F.3d 1286, 1290-91 (Fed. Cir. 2008); *NSK Ltd. v. United States*, 510 F.3d 1375, 1379-80 (Fed. Cir. 2007)). However, the Court of Appeals now has held in two cases that the final results of an administrative review in which zeroing was used must be remanded to direct Commerce to explain its interpreting the language of 19 U.S.C. § 1677(35) inconsistently with respect to the use of zeroing in investigations and the use of zeroing in administrative reviews. *JTEKT Corp. v. United States,* Court No. 2010-1516, 2011 WL 2557640, at *5-6 (Fed. Cir., June 29, 2011) ("*JTEKT Corp.*"); *Dongbu Steel Co. v. United States*, 635 F.3d 1363, 1371-1373 (Fed. Cir. 2011) ("*Dongbu*").[3] On the lack of a satisfactory explanation for the inconsistent interpretations, the Court of Appeals held in both cases that the judgments of the Court of International Trade affirming the use of zeroing in the respective administrative reviews must be set aside. *JTEKT Corp.*, 2011 WL 2557640, at *6; *Dongbu*, 635 F.3d at 1373.

In *Dongbu*, the Court of Appeals reasoned that "[a]lthough 19 U.S.C. § 1677(35) is ambiguous with respect to zeroing and Commerce plays an important role in resolving this gap in the statute, Commerce's discretion is not absolute" and that "Commerce must provide an explanation for why the statutory language supports its inconsistent interpretation." *Dongbu*,

---

[2](...continued)
on the agency record is before the court on the zeroing claim in Asahi's complaint and that Asahi's zeroing claim has been abandoned.

[3] *JTEKT Corp. v. United States,* Court No. 2010-1516, 2011 WL 2557640 (Fed. Cir., June 29, 2011) was issued after defendant filed its motion for expedited reconsideration on June 2, 2011.

**Consol. Court No. 07-00377**                                                                        Page 8

635 F.3d at 1372.  In *JTEKT Corp.*, the Court of Appeals directed that "in order to satisfy the requirement set out in *Dongbu*, Commerce must explain why these (or other) differences between the two phases [administrative reviews and investigations] make it reasonable to continue zeroing in one phase, but not the other."  *JTEKT Corp.*, 2011 WL 2557640, at *6.

In *JTEKT*, the court concluded that a remand was appropriate in this case to direct Commerce to provide the explanation contemplated by the Court of Appeals in *Dongbu*.  *JTEKT*, 35 CIT at __, 768 F. Supp. 2d at 1342-43.  The court directed Commerce to reconsider and modify its decision to apply zeroing or, alternatively, to set forth an explanation of how the language of the statute as applied to the zeroing issue permissibly may be construed in one way with respect to investigations and the opposite way with respect to administrative reviews.  *Id.* at __, 768 F. Supp. 2d at 1364.

In support of its reconsideration motion, defendant argues that the court's Opinion and Order in *JTEKT*, as it relates to zeroing, is inconsistent with binding precedent of Court of Appeals.  Def.'s Mot. 2.  Defendant cites specifically *SKF*, 630 F.3d 1365, which "affirmed Commerce's explanation of zeroing in the very same issues and decision memorandum at issue in this case."  *Id*.  Defendant also argues that the decision of the Court of Appeals in *Dongbu* distinguished prior cases based on a lack of a satisfactory explanation, which defendant characterizes as circumstances "not present in this case."  Def.'s Mot. 7.  In its reply, which the court accepts for filing, defendant argues that *SKF*, not *Dongbu*, is controlling as precedent in this case because "the Federal Circuit has not overturned *SKF en banc*."  Def.'s Reply in Supp. of

**Consol. Court No. 07-00377**                                                                                                      **Page 9**

its Mot. for Reconsideration or Relief from J. 2 (Def.'s Reply") (citing *Strickland v. United States*, 423 F.3d 1335, 1338 n.3 (Fed. Cir. 2005)).  The court disagrees with defendant's arguments.

      Defendant's premise that the Court of Appeals affirmed the use of zeroing in *SKF* based on "the very same issues and decisions memorandum" that is at issue in this case, Def.'s Mot. 2, is misguided.  As defendant acknowledges, Def.'s Mot. 6, the holding in *SKF* pertains to the administrative reviews of the antidumping duty orders on ball bearings and parts thereof from France, Germany, Italy and the United Kingdom, which are different reviews than the one at issue in this case.  The Court of Appeals, therefore, has not issued a decision on the use of zeroing in the administrative review that is the subject of this litigation, which is the review of the antidumping duty order on ball bearings and parts thereof from Japan.  More to the point, defendant overlooks that in *SKF*, the Court of Appeals did not uphold Commerce's use of zeroing based on a statutory construction set forth in the issues and decisions memorandum defendant identifies.  Instead, the appellate court based its decision, in part, on its prior holdings upholding zeroing, including in particular *Corus Staal BV v. United States*, 502 F.3d 1370, 1375 (Fed. Cir. 2007).  *SKF*, 630 F.3d at 1375 ("Even after Commerce changed its policy with respect to original investigations, we have held that Commerce's application of zeroing to administrative reviews is not inconsistent with the statute." (citing *Corus Staal BV*, 502 F.3d at 1375)).  The other reason the Court of Appeals gave in *SKF* for upholding the use of zeroing was its having held in the past that "WTO [World Trade Organization] decisions do not change United States law unless implemented pursuant to an express statutory scheme." *Id.* (citing *NSK Ltd. v. United*

**Consol. Court No. 07-00377**                                                                                                      Page 10

*States*, 510 F.3d 1375, 1379-80 (Fed. Cir. 2007) and *Corus Staal BV v. United States*, 395 F.3d 1343, 1349 (Fed. Cir. 2005)).

The court also finds unconvincing defendant's argument that *Dongbu* presented circumstances not present in this case, namely, the lack of any explanation for the decision to apply zeroing.  *See* Def.'s Mot. 7 (arguing that "in *Dongbu*, Commerce did not address the subject of zeroing in its final issues and decision memorandum at all, let alone discuss any differences between investigations and administrative reviews that might support its inconsistent interpretation of 19 U.S.C. § 1677(35) in each type of proceeding.").  The distinction defendant draws is not meaningful.  In this case, the explanation Commerce included in the issues and decisions memorandum associated with the Final Results, although addressing the arguments respondents raised against zeroing (including arguments based on the World Trade Organization decisions), does not provide the type of statutory construction-based analysis the Court of Appeals contemplated in *Dongbu*.  *See Dongbu*, 635 F.3d at 1372; *Decision Mem*. 8-10.  The only reference to a statutory construction argument in the zeroing analysis is the Department's conclusory statement, made in response to NSK's argument that zeroing produces inaccuracy in a weighted-average dumping margin, that "[b]y excluding such negative comparison results in this case, the Department is calculating the weighted-average dumping margin accurately in accordance with its reasonable interpretation of how that term [*i.e.*, the term "dumping margin"] is defined in the statute."  *Decision Mem*. 9-10 (citing *Corus Staal BV,* 395 F.3d at 1347; *Timken Co. v. United States*, 354 F.3d 1334,1341-42 (Fed. Cir. 2004)).

Defendant's contention that the court's remand order in *JTEKT* was unlawful because "the Federal Circuit has not overturned *SKF en banc*," Def.'s Reply 2, also fails to convince the

**Consol. Court No. 07-00377**                                                                                                    Page 11

court that the remand ordered in *JTEKT* was unlawful. Rather than conclude that the decision to apply zeroing to the review at issue in this case either was, or was not, permissible under the language of 19 U.S.C. § 1677(35), the court in *JTEKT* ordered Commerce to reconsider that decision and either to modify it or to provide the explanation sought by the Court of Appeals in *Dongbu*. *JTEKT*, 35 CIT at __, 768 F. Supp. 2d at 1364. *SKF*, which did not reach the statutory construction issue addressed in *Dongbu* and *JTEKT Corp.*, does not compel a conclusion that the court erred in issuing that remand order. In addressing the zeroing issue in *Dongbu*, the Court of Appeals applied the two-step analysis outlined in *Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984) ("*Chevron*"). *See Dongbu*, 635 F.3d at 1369. Drawing a distinction with its prior holdings, the Court of Appeals clarified that "while we have repeatedly upheld Commerce's use of zeroing in administrative reviews, we have never considered the reasonableness of interpreting 19 U.S.C. § 1677(35) in different ways depending on whether the proceeding is an investigation or an administrative review." *Id.* at 1370. Pointing to the fact that "Commerce is no longer using a consistent interpretation" of 19 U.S.C. § 1677(35), the Court of Appeals reasoned in *Dongbu* that "we are not bound by the prior cases and apply the *Chevron* step two analysis anew." *Id.* at 1371. Additionally, the Court of Appeals subsequently considered itself bound by its holding in *Dongbu*, concluding in *JTEKT Corp.* that "*Dongbu* requires us to vacate and remand" based on a conclusion that the explanation offered by Commerce was inadequate under step two of a *Chevron* analysis. *JTEKT Corp.*, 2011 WL 2557640, at *6. The court's modifying its decision as defendant urges would not accord with the reasoning the Court of Appeals recently employed in deciding the zeroing question presented by *JTEKT Corp*.

Upon considering all of defendant's arguments, the court concludes that it did not err in ordering Commerce to reconsider the decision to adhere to a zeroing methodology in the Final Results and also ordering Commerce either to modify that decision or provide a new explanation as required by the Court of Appeals in *Dongbu*. Therefore, the court will deny defendant's motion for expedited reconsideration.

### B.  Motion for an Extension of Time to File the Remand Redetermination

In *JTEKT*, the court ordered the Department to file its remand redetermination within ninety days of the court's Opinion and Order, and as a result the remand redetermination currently is due on August 3, 2011. *JTEKT*, 35 CIT at __, 768 F. Supp. 2d at 1364. Defendant has moved for an extension of time to file its remand redetermination because of its submission of a motion for reconsideration and because it desires additional time so that it may seek parties' comments on a draft version of the remand redetermination and address parties' comments in its final remand redetermination. Def.'s Mot. for Time Extension 2-3. Defendant seeks an extension until sixty days from the date the court issues a decision on the reconsideration motion. *Id*. at 2. Because the original due date for filing of the remand redetermination allowed Commerce a full ninety days, the court considers an additional sixty days to be more than sufficient. However, considering all circumstances, including in particular that no party now objects to the extension request, the court will grant defendant's motion for an extension of time.

### III.  CONCLUSION

For the reasons discussed in the foregoing, the court, upon review of defendant's motion for reconsideration, determines that its decision in *JTEKT* to order a remand on the zeroing issue

was not in error.  Therefore, the court denies the motion for reconsideration but will allow an extension of time for the filing of the remand redetermination in these proceedings.

## ORDER

Upon consideration of all papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that defendant's motion for leave to file a reply in support of its motion for expedited reconsideration or relief from judgment, as filed July 5, 2011, be, and hereby is, GRANTED; it is further

**ORDERED** that defendant's motion for expedited reconsideration or relief from judgment, as filed June 2, 2011, be, and hereby is, DENIED; and it is further

**ORDERED** that defendant's motion for enlargement of time to file a remand redetermination, as filed July 11, 2011, be, and hereby is, GRANTED, and that Commerce shall have sixty (60) days from the date of this Opinion and Order in which to file its redetermination upon remand ("Second Remand Redetermination") in response to the Opinion and Order in *JTEKT Corp. v. United States*, 35 CIT __, 768 F. Supp. 2d 1333 (2011).

    /s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: July 20, 2011
    New York, New York