# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **JTEKT CORPORATION and KOYO CORPORATION OF U.S.A.,** | |
| Plaintiffs, | |
| v. | Before: Timothy C. Stanceu, Judge |
| **UNITED STATES,** | Consol Court No. 07-00377 |
| Defendant, | |
| and | |
| **THE TIMKEN COMPANY,** | |
| Defendant-Intervenor. | |

## OPINION AND ORDER

[Granting motion for stay of proceedings pending appeal in *Union Steel v. United States*, CAFC Court No. 2012-1248]

Dated: June 4, 2012

*Neil R. Ellis* and *Jill Caiazzo*, Sidley Austin, LLP, of Washington, DC, for plaintiffs JTEKT Corporation and Koyo Corporation of U.S.A..

*Kevin M. O'Brien* and *Christine M. Streatfeild*, Baker & McKenzie, LLP, of Washington, DC, and *Diane A. MacDonald*, Baker & McKenzie, LLP, of Chicago, IL, for plaintiffs NTN Bower Corporation, NTN Corporation, NTN Bearing Corporation of America, NTN-BCA Corporation, NTN Driveshaft, Inc., and American NTN Bearing Manufacturing Corp..

*David A. Riggle*, Riggle and Craven, of Chicago, IL, for plaintiff Asahi Seiko Co., Ltd..

*Kevin M. O'Brien* and *Kevin J. Sullivan*, Baker & McKenzie, LLP, of Washington, DC, for plaintiffs Nippon Pillow Block Company Ltd. and FYH Bearing Units USA, Inc..

*Alexander H. Schaefer*, Crowell & Moring, LLP, of Washington, DC, for plaintiffs NSK Ltd., NSK Corporation, and NSK Precision America.

*Nausheen Hassan* and *Greyson L. Bryan*, O'Melveny & Myers, LLP, of Washington, DC, for plaintiffs Nachi America, Inc., Nachi Fujikoshi Corporation, and Nachi Technology, Inc..

*Alexander H. Schaefer* and *Daniel J. Cannistra,* Crowell & Moring, LLP, of Washington, DC, for plaintiffs Aisin Seiki Company, Ltd. and Aisin Holdings of America, Inc..

*L. Misha Preheim*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With him on the briefs were *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Claudia Burke*, Assistant Director.  Of counsel on the briefs was *Deborah R. King*, Office of the Chief Counsel for Import Administration, Department of Commerce.

*Geert M. De Prest*, *Lane S. Hurewitz*, *Terence P. Stewart*, and *William A. Fennell*, Stewart and Stewart, of Washington, DC, for plaintiff and defendant-intervenor the Timken Company.

Stanceu, Judge: In this consolidated action, plaintiffs JTEKT Corporation[1] and Koyo Corporation of U.S.A. (collectively, "JTEKT"), Asahi Seiko Co., Ltd. ("Asahi"), Aisin Seiki Company, Ltd. and Aisin Holdings of America, Inc. (collectively, "Aisin"), Nachi Technology, Inc., Nachi-Fujikoshi Corporation, and Nachi America, Inc. (collectively, "Nachi"), FYH Bearing Units USA, Inc. and Nippon Pillow Block Company Ltd. (collectively, "NPB"), American NTN Bearing Manufacturing Corp., NTN Bearing Corporation of America, NTN Bower Corporation, NTN Corporation, NTN Driveshaft, Inc., and NTN-BCA Corporation (collectively, "NTN"), and NSK Corporation, NSK Ltd., and NSK Precision America, Inc. (collectively, "NSK"), contest an antidumping determination ("Final Results") of the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department").  Specifically, they challenge certain aspects of the final determination that Commerce issued to conclude the seventeenth administrative reviews of antidumping duty orders covering ball bearings and parts thereof from France, Germany, Italy, Japan, and the United Kingdom made during the period of May 1, 2005 through April 30, 2006.  *Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, Singapore, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews &*

---

[1] JTEKT Corporation is the successor-in-interest to Koyo Seiko Company, Ltd..  *Notice of Final Results of Antidumping Duty Changed-Circumstances Review: Ball Bearings & Parts Thereof from Japan*, 71 Fed. Reg. 26,452, 26,452-53 (May 5, 2006).

*Rescission of Review in Part*, 72 Fed. Reg. 58,053 (Oct. 12, 2007) ("*Final Results*"). Five plaintiffs–JTEKT, NPB, NTN, Aisin, and Nachi–asserted claims challenging the application of Commerce's "zeroing"[2] methodology to calculate the dumping margin in the review of the order pertaining to Japan. The plaintiffs challenging zeroing claim the Department's use of the zeroing methodology in an administrative review violates the U.S. antidumping laws and is inconsistent with international obligations of the United States.

In response to the claims of the plaintiffs challenging zeroing, the court ordered Commerce on remand to alter the decision to apply its zeroing methodology or to set forth an explanation[3] of how the language of 19 U.S.C. § 1677(35) as applied to the zeroing issue permissibly may be construed in one way with respect to investigations and the opposite way with respect to administrative reviews. *JTEKT Corp. v. United States*, 35 CIT __, 768 F. Supp. 2d 1333, 1364 (2011).[4]

---

[2] The U.S. Department of Commerce ("Commerce" or the "Department") applied its "zeroing" methodology in the seventeenth administrative reviews, under which it assigned to U.S. sales made above normal value a dumping margin of zero, instead of a negative margin, when calculating weighted-average dumping margins. *Issues & Decision Mem. for the Antidumping Duty Admin. Reviews of Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, Singapore, & the United Kingdom for the Period of Review May 1, 2005, through April 30, 2006*, at 8 (Oct. 4, 2007).

[3] In *JTEKT Corp. v. United States*, 642 F.3d 1378, 1383-85 (Fed. Cir. 2011) and *Dongbu Steel Co. v. United States*, 635 F.3d 1363, 1371-73 (Fed. Cir. 2011), the Court of Appeals for the Federal Circuit ("Court of Appeals") held that the final results of an administrative review in which zeroing was used must be remanded for an explanation of the Department's interpreting the language of 19 U.S.C. § 1677(35) inconsistently with respect to the use of zeroing in investigations and the use of zeroing in administrative reviews.

[4] The court's remand order also instructed the Department to reconsider its model-match methodology with respect to the challenge of JTEKT Corporation and Koyo Corporation of U.S.A. (collectively, "JTEKT") to the third contested match, the proposal by FYH Bearing Units USA, Inc. and Nippon Pillow Block Company Ltd. (collectively, "NPB") to include additional physical characteristics, and the proposal by American NTN Bearing Manufacturing Corp., NTN Bearing Corporation of America, NTN Bower Corporation, NTN Corporation, NTN Driveshaft,
(continued...)

   Before the court is a joint motion of plaintiffs JTEKT, NTN, NPB, and NSK to stay this case pending the final disposition of *Union Steel v. United States*, 36 CIT __, Slip Op. 12-24 (Feb. 27, 2012) ("*Union Steel*"). Joint Mot. for Stay of Proceedings Pending Appeal in *Union Steel v. United States* (May 4, 2012), ECF No. 168 ("Joint Mot. for Stay"). *Union Steel* involves the question of the legality of the Department's zeroing methodology as applied to an administrative review of an antidumping duty order. *Union Steel*, 36 CIT __, __, Slip Op. 12-24, at 2. The judgment entered by the Court of International Trade in that case affirming the use of zeroing is now on appeal before the Court of Appeals.[5] Joint Mot. for Stay 3. Nachi has consented to the proposed stay. *Id.* at 6. Defendant and defendant-intervenor oppose it. Def.'s Opp'n to Pls.' Mot. to Stay (May 23, 2012), ECF No. 169 ("Def.'s Opp'n"); The Timken Co.'s Resp. in Opp'n to JTEKT, NTN, NPB, and NSK's Joint Mot. to Stay Proceedings (May 23, 2012), ECF No. 170 ("Def.-intervenor's Opp'n").

   For the reasons discussed herein, the court will grant the motion for a stay. The pending litigation in the Court of Appeals is likely to affect the court's disposition of the claims of the plaintiffs challenging the Department's zeroing practice. While the case at bar concerns a different antidumping duty order and administrative review than are involved in *Union Steel*, both cases raise the same general issue, *i.e.*, the permissibility under current law of the Department's application of the zeroing methodology in an administrative review. A stay at this

---

  [4](...continued)
Inc., and NTN-BCA Corporation (collectively, "NTN") to incorporate additional design-type categories and explain the rejection of that proposal with respect to individual bearings described in more than one design type. *JTEKT Corp. v. U.S.*, 35 CIT __, __, 768 F. Supp. 2d 1333, 1364 (2011).

  [5] The United States filed a Notice of Appeal of the judgment in *Union Steel* on March 6, 2011. ECF No. 79 (Consol Ct. No. 11-00083). The appeal has been docketed as *Union Steel v. United States*, CAFC Court No. 2012-1248.

juncture, therefore, will serve the interest of judicial economy and conserve the resources of the parties. Moreover, defendant and defendant-intervenor have failed to show, or even allege, that the proposed stay would cause harm.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The decision when and how to stay a proceeding rests "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted). In making this decision, the court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 257.

Although acknowledging that ordering a stay is a matter for the court's exercise of discretion, Def.'s Opp'n 2, defendant argues that "plaintiffs are not entitled to a stay because they have not satisfied their burden to show that they will suffer clear hardship by proceeding with the litigation." *Id*. Defendant submits that "[p]laintiffs shift the legal standard by suggesting that a stay would not harm the defendant or defendant-intervenor" when it is the movants who must show that they "will suffer hardship–economic harm, legal prejudice, or inequality–by proceeding with litigation." *Id*. at 4. Defendant misconstrues the applicable standard. A party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays *will work damage to some one else*," *Landis*, 299 U.S. at 255 (emphasis added). However, the court fails to see what harm would accrue to defendant should the stay be ordered, and defendant, in opposing the motion, does not identify any such harm, *see* Def.'s Opp'n 4-5.

Defendant also argues that a stay is inappropriate because "in addition to Commerce's zeroing practice, the Court must resolve a number of other issues" relating to the Department's model-match methodology, whereas in other cases cited by the movants that have been stayed, such as *SKF v. United States*, Court No. 11-0343, "the only other issue besides zeroing is a challenge to Commerce's policy of issuing liquidating instructions 15 days after publication of [the] final results of a review, an issue that cannot result in actual relief other than an advisory opinion." *Id*. at 4-5. Defendant, however, fails to identify any harm that will result to it from a delay in the court's adjudication of the other issues.

Defendant-intervenor makes the argument that unlike other cases stayed by this court pending the resolution of *Union Steel*, here "the parties have completed briefing, have commented on the [first] remand results,[6] and are awaiting judgment of the court only." Def-intervenors' Opp'n 3. The stage of this litigation does not preclude a stay, given that defendant-intervenor has also failed to identify any harm that would accrue from a delay in the court's judgment. As the court's disposition of the statutory challenge to the Department's zeroing practice is likely to be affected by *Union Steel*, it is in all parties' best interest if the court does not undertake further adjudication before the final resolution of that case.

In conclusion, the stay sought by the plaintiffs challenging zeroing serves the interests of judicial economy and conservation of the parties' resources. No showing of harm resulting from the proposed stay has been made. The court, therefore, will grant the pending motion.

---

[6] Commerce's First Remand Redetermination resulted from its voluntary remand of an issue affecting the constructed export price ("CEP") for certain U.S. sales of merchandise by Aisin Seiki Company, Ltd. and Aisin Holdings of America, Inc. (collectively, "Aisin"). *JTEKT Corp.*, 35 CIT at __, 768 F. Supp. 2d at 1362-63.

# **ORDER**

Upon consideration of the Joint Motion for Stay of Proceedings Pending Appeal in *Union Steel v. United States* ("Joint Motion for Stay"), as filed on May 4, 2012 by plaintiffs JTEKT Corporation and Koyo Corporation of U.S.A. (collectively, "JTEKT"), NTN Corporation, NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corporation, NTN-BCA Corporation, NTN-Bower Corporation, and NTN Driveshaft, Inc. (collectively, "NTN"), FYH Bearing Units USA, Inc. and Nippon Pillow Block Company Ltd. (collectively, "NPB"), and NSK Corporation, NSK Ltd., and NSK Precision America, Inc. (collectively, "NSK"), the motions in opposition filed by the United States and defendant-intervenor The Timken Company ("Timken"), and all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that the Joint Motion for Stay be, and hereby is, GRANTED; and it is further

**ORDERED** that this case be, and hereby is, stayed until 30 days after the final resolution of all appellate review proceedings in *Union Steel v. United States*, CAFC Court No. 2012-1248.

                                                                       /s/ Timothy C. Stanceu
                                                                       Timothy C. Stanceu
                                                                        Judge

Dated: June 4, 2012
New York, New York